NOT DESIGNATED FOR PUBLICATION

No. 123,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN PREECE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed November 19, 2021. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and MCANANY, S.J.

PER CURIAM: Shawn Preece appeals the district court's denial of his presentencing motion to withdraw his plea to a drug charge. The district court found that Preece failed to show good cause to support setting aside his plea. Having thoroughly examined the record, we conclude that the district court did not err in denying relief on the motion and we affirm.

In March 2019, Preece was charged with possession of methamphetamine with intent to distribute along with a number of other offenses. Nine months later, the parties were ordered to participate in mediation with a district court judge, which resulted in a plea agreement under which Preece agreed to plead no contest to (1) possession of

1

methamphetamine with the intent to distribute and (2) fleeing or attempting to elude a police officer. The State, in turn, agreed to dismiss the remaining charges and to recommend a departure prison sentence of 50 months. With respect to the drug charge, the State alleged that Preece possessed between 1 and 3.5 grams of methamphetamine. At the plea hearing that followed, Preece was represented by attorney Lora Ingels. After the court's extensive colloquy with the defendant, Preece entered a no-contest plea on both counts, and the district court accepted Preece's pleas.

After the plea, but before sentencing, Ingels withdrew from the case and new counsel was appointed to represent Preece. Prior to sentencing, Preece moved to withdraw his plea to the drug charge.

Preece claimed that Ingels advised him that a rebuttable presumption of an intent to distribute applied to possession of methamphetamine, even for an amount less than 3.5 grams. According to Preece, when he entered his plea he believed the State was entitled to this presumption and would not have had to prove Preece intended to distribute the methamphetamine he possessed. The rebuttable presumption of intent to distribute, however, only applies to possession of 3.5 grams *or more* of methamphetamine. K.S.A. 2020 Supp. 21-5705(e)(2). Preece claimed he would not have pled no contest but for this incorrect information from his attorney. Thus, he contended his plea was not knowingly and intelligently made.

The district court held an evidentiary hearing on Preece's motion. Both Preece and Ingels testified. Preece did not help himself at the hearing. He testified he assumed that if he was caught with between 1 and 3.5 grams it was automatically possession with intent to distribute rather than mere possession. But he said he was under this assumption because "that's where it was on the grid," and he thought it was common knowledge. He said he and Ingels never discussed the presumption. When asked if Ingels told him about this presumption, he initially said yes but then corrected himself and said, "Well, . . .

2

actually, we didn't really discuss it, so, it wasn't discussed." He said it was because of this assumption he made that he entered the plea.

Ingels testified that she and Preece did not discuss "the presumption of the weight." She testified that Preece asked the mediation judge questions during mediation and the judge gave Preece essentially the same answers she had. When asked whether that included a discussion about the weights and possession, Ingels responded that she did not think she discussed the presumption with Preece because it did not apply to him. She stated:

> "I don't think we talked, specifically, about the weight and possession. I think I told him where he fell on the grid and then we talked about . . . intent. . . . We talked about, in general, things the State could show, to try to prove intent, such as, you know, packaging, other drugs, weight, you know. You know, I didn't talk about presumption . . . .
>
> ". . . I don't think I spelled out for him . . . presumption, because that didn't apply."

The district court denied Preece's motion. The court found that Preece was represented by competent counsel who told him everything he needed to know about the plea agreement; that Preece understood the relevant circumstances and consequences of his plea based on the plea colloquy; and that Preece was not misled, coerced, mistreated, or unfairly taken advantage of because through the plea bargain he significantly reduced his punitive exposure. Moreover, the district court judge involved in the mediation was involved in negotiating the plea agreement, which was further evidence that Preece was not mislead, coerced, mistreated, or unfairly taken advantage of by his counsel. Ultimately, this was a case of buyer's remorse.

The district court followed the plea agreement and sentenced Preece to 50 months in prison. This appeal followed.

The issue before us is whether the district court abused its discretion in denying Preece's presentencing motion to withdraw his plea.

Under K.S.A. 2020 Supp. 22-3210(d)(1), a plea may be withdrawn at any time before sentencing for good cause shown and within the discretion of the court. When determining whether a defendant has shown good cause, a district court should consider at least three factors: (1) was the defendant represented by competent counsel; (2) was the defendant misled, coerced, mistreated, or unfairly taken advantage of; and (3) was the plea fairly and understandingly made. In our review of the district court's decision, we must determine whether Preece has shown that the district court abused its discretion in denying the motion. See *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). The district court abuses its discretion if its action is arbitrary, fanciful, or unreasonable or is based on an error of law or fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). In our review, we do not reweigh the evidence or assess witness credibility. Instead, we defer to the trial court's findings of fact that are supported by the evidence. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

Turning to the nonexclusive factors that affect a defendant's right to withdraw a plea, we find no evidence that Preece's plea counsel was incompetent. The district court found Preece's plea counsel's testimony more believable than that of Preece. Preece claims his plea counsel was incompetent for failing to properly advise him regarding the presumption. But Preece gave that issue away in his testimony at the hearing on his motion. His plea counsel testified that she did not discuss the presumption with Preece before his plea because it did not apply to him. The district court determined that Ingels told Preece everything he needed to know about the plea agreement. If Preece had the mistaken belief that there was a presumption that applied to his case, he never discussed it with his plea counsel so as to give her the opportunity to correct the mistake. Moreover,

counsel had no sua sponte obligation to advise Preece of matters of law that had no application to the case.

As to the second element, there was no evidence that Preece was misled, coerced, mistreated, or unfairly taken advantage of by his plea counsel or by the district court.

Finally, Preece claims his plea was not fairly and understandingly made because he entered his plea without a correct understanding of the law with respect to the presumption and how it would or would not apply in his case. But the district court found otherwise, and there is a sound basis for the district court's finding. Preece was thoroughly questioned by the court at the plea hearing regarding his plea, and Preece had no questions of the court and expressed no reservation about entering his plea. The judge handling the mediation that preceded the plea thoroughly discussed the case with Preece and answered any questions he might have had. The district court did not believe that Preece did not understand the consequences of his plea or how to defend his case. The Kansas Supreme Court has held that the district court is in the best position to observe the demeanor of a defendant and draw conclusions about whether the plea was knowingly and intelligently made. *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012).

To reverse the district court's decision on the instant motion would require us to conclude that the district court abused its discretion; that is, that no reasonable person would agree with the district court's finding that Preece failed to meet his burden to show good cause to withdraw his plea. We find no such abuse of discretion.

Affirmed.

5